WELBAUM, P.J., concurring:
{¶ 41} I concur in both the opinion and judgment of this court, but write separately merely to distinguish State v. Portman , 2d Dist. Clark No. 2013-CA-68, 2014-Ohio-4343, 2014 WL 4823868, a factually similar case involving rape and kidnapping offenses that we held were not allied offenses that merge.
{¶ 42} Like the instant case, in Portman , the victim's interaction with the defendant was initially voluntary. The victim in Portman was an escort who agreed to meet the defendant at the clothing store where he worked. After the victim in Portman arrived at the store and began interacting with the defendant, she, like the victim in this case, became uncomfortable with the defendant's behavior and wanted to leave. After the victim in Portman told the defendant that she wanted to leave, the defendant put a gun to her head, berated her, and then raped her several times. Id. at ¶ 33-37.
{¶ 43} Unlike Portman , the victim in the present case, T.D., never directly told Ferguson that she wanted to leave the motel room before he raped her. Even if we presume that Ferguson overheard T.D. tell her mother over the phone that she wanted to leave, the cases are still distinguishable because, unlike this case, the defendant in Portman prolonged the restraint of the victim after he raped her and, in doing so, subjected her to a separate risk of harm unrelated to the rape offense. Specifically, the defendant in Portman refused to allow the victim to use the restroom on the main floor of the clothing store, and when the victim attempted to leave against the defendant's wishes, the defendant wrestled with the victim on the stairs to prevent her from leaving. During this struggle, the victim was able to get control of the defendant's gun and escaped by shooting him in the face. Id. at ¶ 37.
{¶ 44} We held in Portman that "[a] separate animus for kidnapping exists where (1) 'the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense,' or (2) 'the asportation or restraint of the complainant subjects the complainant to a substantial increase in risk of harm separate and apart from that involved in the underlying crime.' " Portman , 2d Dist. Clark No. 2013-CA-68, 2014-Ohio-4343, 2014 WL 4823868 at ¶ 32, quoting State v. Logan , 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), syllabus. (Other citation omitted.) "Although focused on the animus aspect of the allied offense analysis, these factors are also reasonable considerations for determining whether the defendant committed kidnapping as separate conduct from other offenses." Id. , citing *1170 State v. Lovato , 2d Dist. Montgomery No. 25683, 2014-Ohio-2311, 2014 WL 2475593, ¶ 13. (Other citation omitted.)
{¶ 45} There is no question that the defendant in Portman prolonged the restraint of the victim and also subjected the victim to a separate risk of harm when he wrestled the victim on the stairs while armed. Accordingly, it was appropriate not to merge the defendant's rape and kidnapping offenses in Portman due to there being separate conduct and a separate animus. In this case, however, T.D. fled the motel room after Ferguson raped her; therefore, Ferguson's restraint of T.D. was not prolonged past the rape and T.D. was not subjected to a risk of harm separate and apart from the rape. In turn, the present case and Portman are factually distinguishable, as the kidnapping in this case was incidental to the rape and the offenses were properly merged at sentencing.